(No. 78-CC-2039 — )

CATHY GRANDERSON, Claimant, *v.* STATE OF ILLINOIS,
Respondent.

*Opinion filed May 31, 1979.*

PER CURIAM.

In the case of *John J. Beard v. State of Illinois, 32
Ill. Ct. Cl.___*, the Respondent stipulated, in part, as fol-
lows:

"This case arises out of an RC 14 Collective Bar-
gaining Agreement. The effective dates of the agree-
ment are July 1, 1977, to June 30, 1979. The relevant
provision is found in Article XXXIII, Section 4 on page
62 of the Agreement which reads as follows:

'All employees in the bargaining unit shall receive a lump sum payment
of $10.00 per month for each $10,000,000.00 'excess' of actual revenues over
projections as determined under Section 3, up to a maximum of $50.00 per
month (a maximum payment of $600.00 for the year).

Any such payment shall be applied retroactively to all employees for all
time paid during Fiscal Year 1978, and the monthly increase shall be added
to the base rates for all classifications and steps set out in Appendix A,
effective July 1, 1978. Employees not on the active payroll for the full 12
months of Fiscal Year 1978 shall be entitled to the lump sum retroactive
payment on a pro-rated basis. Any employee who has voluntarily quit or
been discharged during Fiscal Year 1978 will be required to make claim for
retroactive payments due within 60 days of the end of the Fiscal Year to the
Employer.'

Pursuant to said Article XXXIII, Section 4 the
employees' union demanded a lump sum payment to
the employees. The Department resisted the amount of
the increase demanded and the matter was eventually
settled by an arbitrator who ruled that $40.00 per
month was to be paid retroactively to each employee
for each month of service served during the Fiscal Year
1978. Subsequently, the Eightieth General Assembly

passed House Bill 3237 which provided the funds for the payment of the retroactive lump sum payment to the employees.

The issues before this Court are as follows:

1. Does Ch. 127, para. 145 prohibit the retroactive pay envisioned by Article XXXIII, Section 4 of RC 14 Collective Bargaining Agreement?

2. May the Director of Personnel agree to and abide by an arbitrator's decision?

Chapter 127, para. 145 paraphrased provides in essential part as follows:

'Amounts paid from appropriations for personal service of any officer or employe of the State,* * *, shall be considered as full payment for all services rendered between the dates specified in the payroll * * * which payment would constitute in fact an additional payment for work already performed and for which remuneration had already been made, except that wage payments made pursuant to the application of the prevailing rate principle or based upon the effective date of the collective bargaining agreement between the State, or a State agency and an employee group shall not be construed as an additional payment for work already performed.'

In view of the fact that the retroactive pay provided for in the collective bargaining agreement was based upon the effective date of the collective bargaining agreement, the relevant section does not violate *Ill. Rev. Stat., Ch. 127, para. 145.*

As to the second issue, as to whether the Director of Personnel has the authority to agree to and abide by arbitration, Respondent would like to point out the following. Nowhere in the Personnel Code is the Director given the authority to delegate or relegate his powers or responsibilities to determine or negotiate working conditions, etc. However, as set forth earlier, the facts in this claim are that the General Assembly passed an appropriation bill for the sole purpose of the payment of this lump sum retroactive payment to these

employees, thereby ratifying and thereby validating by subsequent legislation the actions of the Director of Personnel and making moot the question as to his authority to submit to arbitration.

The Claimant in the instant case, *John Beard*, was employed by the Department of Public Aid during Fiscal Year 1978 from July 20, 1977, to January 31, 1978, as a Clerk II, a classification on the RC 14 bargaining unit. Inasmuch as this Claimant was not in active status for all 12 months of Fiscal Year 1978, Article XXXIII, Section 4 of the RC 14 contract agreement provides that such employees are entitled only to a lump sum retroactive payment on a prorata basis for the number of months worked contingent upon their making claim for the retroactive benefits within 60 days of the end of Fiscal Year 1978.

This Claimant filed his claim on October 6, 1978 (not within the original 60 days), however, the Director of Personnel extended the filing date to October 14, 1978."

This Court adopts the comments of the Respondent, in the above stipulation, insofar as the *Beard* case is analogous to the present case, as the position of this Court on the law.

The Claimant in the instant case, Cathy Granderson, was employed by the Department of Administrative Services. This Claimant, as was *Mr. Beard*, was employed for only a portion of the period of the retroactive benefits and is, therefore, entitled to only a prorata payment.

Accordingly, there is hereby awarded to Claimant the amount of $180.00 plus the State's contribution to the State Employee's Retirement System and the

F.I.C.A. From the aforesaid award to Claimant there shall be deducted amounts for the Claimant's Federal and State income tax withholding and amounts for the Claimant's contributions to the State Employees' Retirement System and to F.I.C.A.